IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN J. BROOKS, <br> AIS #179333, <br>     Plaintiff, <br> v. <br> STATE OF ALABAMA, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )  CIVIL ACTION NO. 2:11-CV-723-WHA <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Calvin J. Brooks ["Brooks"], a state inmate, complains that officers at the Kilby Correctional Facility used excessive force against him on July 1, 2011. Brooks names the State of Alabama as a defendant in this cause of action.

Upon review of the allegations contained in the complaint, the court concludes that the plaintiff's claims against the State of Alabama are due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[1]

**II. DISCUSSION**

The law is well-settled that the State of Alabama is absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit, the plaintiff cannot

---

[1] The court granted Brooks leave to proceed *in forma pauperis*. Doc. No. 3. A prisoner allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). Moreover, "a State is not a 'person' within the meaning of § 1983 . . . ." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989). Thus, the plaintiff's claims against the State of Alabama are frivolous as they are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] In addition, with respect to the claims lodged against this defendant, the plaintiff seeks monetary damages from a defendant immune from such relief. The claims against the State of Alabama are therefore subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the State of Alabama be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

2. The State of Alabama be dismissed as a defendant in this cause of action.

3. This case, with respect to the allegations set forth against Lt. Jones, officer Bailey, and officer Person, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

Recommendation on or before **October 20, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of October 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE